NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC. d/b/a INTEGRATED SPORTS MEDIA,<br><br>Plaintiff,<br><br>v.<br><br>CEDH LLC d/b/a MONCHY'S COLOMBIAN GRILL; HUGO O LADINO CARDONA, et al.,<br><br>Defendants. | No. 22cv6593 (EP) (MH)<br><br>OPINION |

**PADIN, District Judge.**

Plaintiff Innovative Sports Management ("ISM") alleges that Defendants CEDH LLC d/b/a Monchy's Colombian Grill ("Monchy's"), Hugo Cardona, Cesar Cardona, and Diana Quinceno ("Individual Defendants") (collectively, "Defendants"), unlawfully showed a soccer match to Monchy's patrons. D.E. 1 ("Compl."). Plaintiff now moves for default judgment pursuant to Fed. R. Civ. P. 55(b). D.E. 18-3 ("Mot."). Plaintiff has not stated a cause of action because it has not demonstrated ownership of proprietary rights to the soccer match. Consequently, this Court will **DENY** Plaintiff's motion for default judgment *without prejudice*. Plaintiff will have 30 days to file a renewed motion.

I.  **BACKGROUND**[1]

Plaintiff leased the broadcast rights to the November 15, 2019, Colombia versus Peru soccer match ("the Match") from the producer of the Match. Mot. at 26[2]; Compl. ¶ 19. Plaintiff,

---

[1] Except where otherwise noted, these facts derive from Plaintiff's pleadings.
[2] Refers to ECF page numbers.

as a distributor, sub-licensed the broadcast rights to commercial establishments.  D.E. 18-1 ¶¶ 9-11 ("Jacobs Aff.").³  To protect its transmissions, Plaintiff encrypted the Match signals.  *Id.* ¶ 9. Pirates can circumvent the encryption through decryption equipment or through misrepresentation. *Id.* ¶ 10.

The Individual Defendants are the owners and managers of Monchy's.  Compl. ¶ 8. Plaintiff alleges that Defendants displayed the Match without authorization in violation of 47 U.S.C. § 553 and 47 U.S.C. § 605.  Mot. at 7, 9.  Plaintiff filed the Complaint on November 14, 2022.  Compl. at 1.  After Defendants failed to respond, the Clerk entered default.  D.E. 10. Plaintiff now moves for default judgment.  Mot. at 1.

## II.    LEGAL STANDARD

A plaintiff can move for default judgment pursuant to Rule 55(b) after the clerk has entered default under Rule 55(a).  *See* Fed. R. Civ. P. 55.  The Court has discretion in granting default judgment, but the Third Circuit's preference is to dispose of cases on the merits.  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) ("[W]e have repeatedly stated our preference that cases be disposed of on the merits whenever practicable.").

The Court accepts Plaintiff's factual allegations as true, but not legal conclusions.  *See Days Inns Worldwide, Inc. v. Mayu & Roshan, LLC*, No. 06-cv-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007) ("Because a defaulting party does not admit conclusions of law, the Court must make an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action.'" (quoting *DirecTV v. DeCroce*, 332 F. Supp. 2d 715 (D.N.J. 2004))).  The existence of contractual rights is a legal conclusion, which is not assumed true.  *See TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, No. 12-cv-03355, 2016 WL 716874, at *2 (D.N.J. Feb.

---

³ Doug Jacobs is the president of ISM.  Jacobs Aff. ¶ 1.

2

22, 2016) (citing *ATACS Corp. v. Transworld Commc'ns.*, 155 F.3d 659, 665 (3d Cir. 1998)); *Linder v. Inhalation Therapy Servs., Inc.*, 834 F.2d 306, 310 (3d Cir. 1987).

Before granting default judgment, the Court must determine:

> (1) whether it has subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendant, (2) whether the defendant is exempt from entry of default judgment, (3) whether there is sufficient proof of service, (4) whether a sufficient cause of action has been stated, and (5) whether default judgment is otherwise proper.

*Su v. Marlton Pike Precision, LLC 401(K) & Profit-Sharing Plan*, No. 23-cv-02972, 2024 WL 489542, at *2 (D.N.J. Feb. 8, 2024). The fifth prong is further divided into three factors, known as the *Emcasco* factors: "(1) whether there is prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Panda Rest. Grp., Inc. v. Panda Chinese & Japanese Rest., LLC*, No. 12-cv-11718, 2018 WL 5294568, at *1 (D.N.J. Oct. 25, 2018) (citing *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)); *see also Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

III. ANALYSIS

This Court finds that Plaintiff fails to state a cause of action because Plaintiff is not an aggrieved party under either 47 U.S.C. § 553 or § 605. Furthermore, the *Emcasco* factors weigh against granting default judgment. Consequently, the Court will deny Plaintiff's motion.

A. Plaintiff Has Satisfied Jurisdictional and Procedural Requirements

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff brings claims under federal law, specifically 47 U.S.C. § 553 and § 605.[4] Compl. ¶¶ 1-2. The

---

[4] Plaintiff also alleged two state claims, unlawful interference with contractual relations and unlawful interference with prospective economic advantage. Compl. ¶¶ 42-53. Those claims are not before this Court because Plaintiff only moves for default judgment on the federal claims. *See*

3

Court also has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) because the Individual Defendants were served in New Jersey under Rule 4(e)(2) and Monchy's is a New Jersey company. *See* D.E.s 6-9; D.E. 18-2 at 14. Rule 4(e)(2) allows for service on an individual by "delivering a copy of the summons and of the complaint to the individual personally" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." *See* Fed. R. Civ. P. 4(e). Rule 4(h)(1)(A) allows for service on a business entity through Rule 4(e)(1), which then allows service by following state law. *Id.* In New Jersey, service on a business entity is proper if a person authorized by appointment or law to receive service is served personally. N.J. Ct. R. 4:4-4(a)(6).

Plaintiff complied with the service requirements[5] by delivering the Summons and Complaint to Hugo Cardona and Diana Quinceno personally and to Cesar Cardona through a person of suitable age at Cesar Cardona's residence. D.E. 10 ¶¶ 5-7. Service of Monchy's was proper under N.J. Ct. R. 4:4-4(a)(6) through the service of its registered agent. D.E. 18-2 at 14.

Venue is also proper under 28 U.S.C. § 1391(b) because the alleged violation occurred in New Jersey. Compl. ¶ 13. None of the Individual Defendants are exempt from default judgment because none are minors, incompetent persons, or servicemembers protected by 50 U.S.C. § 3931. D.E. 18-2 at 7-12. Finally, the Clerk entered default against Defendants. Mot. at 3. While these requirements are satisfied, Plaintiff has not stated a claim.

---

Mot. at 4. However, if the Court dismisses Plaintiff's federal claims, the Court will decline to exercise supplemental jurisdiction over the state claims. *See Ezell v. JPMorgan Chase Bank Nat'l Ass'n*, No. 18-cv-1407, 2020 WL 525899, at *1 (D.N.J. Jan. 31, 2020) ("Having dismissed all of Plaintiffs' federal claims, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.").

[5] After receiving an extension of sixty days. D.E. 5.

**B. Plaintiff Has Failed to State a Claim Under 47 U.S.C. § 553 and § 605**

47 U.S.C. § 553 and § 605 authorize plaintiffs to bring claims only if they are a "person aggrieved by any violation of [the statute.]" 47 U.S.C. §§ 553(c)(1), 605(e)(3)(A). Section 605(d)(6) defines a person aggrieved as "any person with proprietary rights in the intercepted communication." 47 U.S.C. § 605(d)(6). Here, Plaintiff has no statutory standing because its proprietary rights expired before it filed the Complaint.

Plaintiff claims that it has exclusive distribution rights "pursuant to contract." Compl. ¶ 19. This assertion is not assumed true. *Giorgio Gori USA v. Coastal Recovery Corp.*, No. 11-cv-4939, 2014 WL 1050610, at *1 (D.N.J. Mar. 14, 2014) (recounting prior denials of default judgment when a contract was not attached). Plaintiff shows it had the distribution rights by attaching the licensing contract between itself and the producer of the Match. Jacobs Aff. at 9-15. The contract states that "Producer and [Plaintiff] agree [Plaintiff] shall have the right to identify and prosecute all acts of alleged piracy of the [Match]." *Id.* at 11.

Thus, Plaintiff has shown only that it initially had proprietary rights to the Match. *See G & G Closed Cir. Events, LLC v. Perez*, No. 21-cv-6210, 2023 WL 1380314, at *5 (S.D.N.Y. Jan. 31, 2023) ("The Communications Act and the Cable Communications Policy Act do not themselves create proprietary rights; those rights are conferred independently, including by contract." (citing *J & J Sports Prods., Inc. v. Vergara*, No. 19-cv-2382, 2020 WL 1034393, at *10 (E.D.N.Y. Feb. 6, 2020))), *recons. denied*, No. 21-cv-6210, 2023 WL 3600987 (S.D.N.Y. May 23, 2023). But, Plaintiff has failed to demonstrate that it had the rights when the Complaint was filed because the contract, and therefore Plaintiff's proprietary rights, expired

> upon the earliest of (i) the date of completion of all accounting and payment obligations of the parties hereunder following exhibition of the [Match]; (ii) the date of earlier termination of this Agreement by

5

> either party pursuant to the terms hereof or (iii) the one (1) year anniversary of the date hereof.

Jacobs Aff. at 12. The contract was signed, and thus the rights began, on September 20, 2019. *Id.* at 9. The latest date that Plaintiff could have had proprietary rights was September 20, 2020, but the Complaint was filed more than two years later on November 14, 2022. Compl. at 1. Because Plaintiff's only source of proprietary rights expired before it filed the Complaint, Plaintiff was not an aggrieved person at that time and therefore had no standing to bring the Complaint. Plaintiff has thus failed to state a claim and the default judgment motion must be denied.[6] *See G & G Closed Cir. Events, LLC*, 2023 WL 1380314, at *5 (citing *J & J Sports Prods., Inc.*, 2020 WL 1034393, at *9) ("A plaintiff must have proprietary rights in the subject communication at the time it files its suit."); *cf. Highland Cap. Corp. v. Pasto*, No. 19-cv-14282, 2022 WL 17733674, at *1 (D.N.J. Dec. 16, 2022) ("Courts have . . . denied default judgement when evidence is presented but is otherwise insufficient to support the claims.").

---

[6] This is not the first time that Plaintiff has filed a complaint after its rights have expired. *See e.g. El Roble Rest. & Bakery LLC*, 2022 WL 17324347; *Innovative Sports Mgmt., Inc. v. El Punto Marino Rest. LLC*, No. 20-cv-14251, 2021 WL 5585928 (D.N.J. Nov. 30, 2021); *Innovative Sports Mgmt., Inc. v. Tumi Int'l, Inc.*, No. 20-cv-14253, 2021 WL 4026112 (D.N.J. Sept. 2, 2021); *Innovative Sports Mgmt., Inc. v. Flores Ramirez*, No. 21-cv-04613, 2022 WL 3867651 (E.D.N.Y. Aug. 30, 2022); *Innovative Sports Mgmt., Inc. v. Arellano*, No. 22-cv-06231, 2023 WL 3060749 (C.D. Cal. Apr. 24, 2023); *Innovative Sports Mgmt., Inc. v. Mejia*, No. 20-cv-2943, 2021 WL 7709510 (E.D.N.Y. Aug. 3, 2021); *Innovative Sports Mgmt., Inc. v. Arias*, No. 23-cv-01371, 2023 WL 8039638 (N.D. Cal. Nov. 20, 2023); *Innovative Sports Mgmt. Inc. v. Montanari*, No. 20-cv-08233, 2021 WL 8153976 (C.D. Cal. Aug. 27, 2021); *Innovative Sports Mgmt. Inc. v. Valdez*, No. 20-cv-02663, 2022 WL 1200089 (C.D. Cal. Feb. 17, 2022). There are several other cases in which Plaintiff did not even attach the contract. *See e.g. Innovative Sports Mgmt., Inc. v. Perez*, No. 19-cv-12849, 2019 WL 6167954 (D.N.J. Nov. 20, 2019); *Innovative Sports Mgmt., Inc. v. Medina*, No. 19-cv-10208, 2019 WL 5418091 (D.N.J. Oct. 22, 2019).

6

### C. The *Emcasco* Factors Weigh in Favor of Defendants

Furthermore, the *Emcasco* factors[7] weigh in favor of Defendants. The expiration of proprietary rights means Plaintiff cannot be prejudiced and is a litigable defense, even if Defendants' absence is culpable.

#### 1. *Plaintiff is not prejudiced*

Ordinarily, a denial of default judgment prejudices the plaintiff—when the defendants have not appeared—because the plaintiff would have no recourse. *See Int'l Union of Painters v. Andrews Window Servs. LLC*, No. 15-cv-3583, 2016 WL 3234516, at *3 (D.N.J. June 7, 2016) ("[A]s Plaintiff has no other means to recover damages from Defendant, Plaintiff will be prejudiced in the absence of default judgment."). But Plaintiff's recovery is predicated on being a rightsholder. *See Gowan v. Cont'l Airlines, Inc.*, No. 10-cv-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012) ("[T]he prejudice that Plaintiff may suffer is her inability to vindicate her rights as against Defendant."). Because Plaintiff has not demonstrated it possesses the proprietary rights, there is no prejudice in denying its default judgment motion with leave to amend. This factor weighs in favor of Defendants.

#### 2. *Defendants have a litigable defense*

Even taking Plaintiff's factual allegations as true, Defendants still have a litigable defense. *See Emcasco Ins. Co.*, 834 F.2d at 73 (second factor is "whether the defendant has a *prima facie* meritorious defense"). As detailed above, Plaintiff has not established statutory standing. Jacobs Aff. at 12. Defendants would thus have a litigable defense because Plaintiff has failed to state a claim that it is an aggrieved person under 47 U.S.C. § 553 or § 605. *See G & G Closed Cir. Events,*

---

[7] This Court must analyze the factors, *see Chamberlain*, 210 F.3d at 164, even if the value when defendants have completely failed to appear is questionable, *see Joe Hand Promotions, Inc. v. Waldron*, Civ. No. 11-849, 2013 WL 1007398, at *4 n.4 (D.N.J. Mar. 13, 2013).

7

*LLC*, 2023 WL 1380314, at *5 (citing *J & J Sports Prods., Inc.*, 2020 WL 1034393, at *9). Therefore, this factor weighs strongly in favor of Defendants.

3. *Defendants' conduct is culpable*

Defendants' complete failure to appear allows this Court to infer culpability. *See e.g. El Roble Rest. & Bakery LLC*, 2022 WL 17324347, at *4 ("Defendants' failure to answer, without providing any reasonable explanation, permits the Court to draw an inference of culpability on its part."); *Slover v. Live Universe, Inc.*, No. 08-cv-02645, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) ("Defendant is also presumed culpable where it has failed to answer, move, or otherwise respond." (citing *Palmer v. Slaughter*, No. 99-cv-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000))). Here, Defendants had a range of 221-273 days between service and Plaintiff's motion. *Compare* D.E.s 6-9, *with* Mot. at 1. They have not appeared or filed anything during that time. Consequently, this Court finds their conduct culpable and this factor weighs in Plaintiff's favor.

Taking the three factors together, they lead this Court to deny default judgment. The strength of Defendants' defense is stronger than their culpability and Plaintiff would experience minimal prejudice if the Court denies Plaintiff's motion with leave to amend.

## IV. CONCLUSION

For the reasons above, this Court will **DENY** Plaintiff's default judgment motion *without prejudice*. Plaintiff will have 30 days to move again and must address the deficiency discussed above. Failure to do so may result in dismissal *with prejudice*. An appropriate Order follows.

Dated: June 5, 2024

Evelyn Padin, U.S.D.J.